UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT PITTMAN,

Plaintiff,

**VERIFIED COMPLAINT**

- against -

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

UNITED STATES OF AMERICA,

Defendant.
-------------------------------------------------------------------X

Plaintiff, by his attorneys, DELL & DEAN, PLLC, complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

## INTRODUCTION

1.      This is an action against the Defendant **UNITED STATES OF AMERICA** under The Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1) for negligence and medical malpractice in connection with medical care provided to Plaintiff **ROBERT PITTMAN** at the U.S. Department of Veterans Affairs at the VA Medical Center located at 79 Middleville Road, Northport, New York.

2.      The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act  (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries caused by the Defendant's negligence.

3.      Plaintiff **ROBERT PITTMAN** has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act by filing of Standard Form 95 with the U.S. Department of Veterans Affairs on or about July 14, 2016. *Standard Form 95 is attached as Exhibit A.*

4.      This suit has been timely filed in that Plaintiff served notice of his claim on the U.S. Department of Veterans Affairs less than two years after the incident forming the basis of this suit.

5.     Plaintiff is now filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the U.S. Department of Veterans Affairs notice of "final denial" dated June 15, 2017 . Plaintiff is commencing this instant action within six months of the above mentioned final denial of the claim. *Administrative Tort Claim Denial Letter attached as Exhibit B.*

## JURISDICTION AND VENUE

6     At all times herein mentioned, Plaintiff was and still is a resident of the County of Suffolk, State of New York.

7.     Plaintiff, **ROBERT PITTMAN**, currently resides at 1436 Lombardy Boulevard, Bay Shore, New York 11706.

8.     Defendant **UNITED STATES OF AMERICA,** through its agency, The U.S. Department of Veterans Affairs, operates the Northport VA Medical Center, located at 79 Middleville Road, Northport, County of Suffolk, State of New York.

9.     Defendant **UNITED STATES OF AMERICA**, including its directors, officers, operators, Administrators, employees, agents and staff at the Northport VA Medical Center are hereinafter collectively referred to as "Northport VA Medical Center."

10.     The amount in controversy in this matter exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS** exclusive of interest and costs.

11.     Jurisdiction is properly had over this matter pursuant to 28 U.S.C. §1346(b)(1).

12.     Venue is properly placed in the United States District Court for the Eastern District of New York since the Plaintiff's residence is within that district, and that district is the most convenient for this action to be tried.

## AS AND FOR FIRST CAUSE OF ACTION

13.    At all times mentioned herein, Defendant **UNITED STATES OF AMERICA** owned, operated, controlled, and managed a health care facility pursuant to the laws of the State of New York for the care of the medical issues, located at 79 Middleville Road, Northport, New York known as Northport VA Medical Center, which provided personnel, including doctors, nurses, attendants, physician's assistants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff **ROBERT PITTMAN** could be treated.

14.    At all times mentioned herein, Defendant **UNITED STATES OF AMERICA** at the Northport VA Medical Center  held themselves out to offer professional, medical and related services to the public in general, and to Plaintiff **ROBERT PITTMAN** in particular.

15.    At all times mentioned herein, Defendant **UNITED STATES OF AMERICA** at the Northport VA Medical Center represented that they and their staff, doctors, nurses and employees were competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff **ROBERT PITTMAN.**

16.    That on or about July 15, 2014 and thereafter,  Plaintiff  **ROBERT PITTMAN** sought the professional care of THE UNITED STATES OF AMERICA at Northport VA Medical Center  for certain health issues, from which he was suffering, and Northport VA Medical Center, their  agents, servants and employees rendered medical care, diagnosis, treatment and services to him.

17.    That in or about July 15, 2014 up to and including July 31, 2014, Plaintiff ROBERT PITTMAN was admitted to Northport VA Medical Center, and
and at times prior and subsequent thereto, plaintiff, **ROBERT PITTMAN,** received medical care and treatment provided by agents, servants, partners, employees and/or associates of the defendant, **UNITED STATES OF AMERICA,** at Northport VA Medical Center.

18.     Defendant, **UNITED STATES OF AMERICA,** through its agents, servants, partners, employees and/or associates, was expected to render standard, proper and careful medical care and treatment, including standard, proper and careful medical care and treatment, in accordance with good and accepted medical practices, methods, standards and procedures.

19.     Defendant, **UNITED STATES OF AMERICA,** through its agents, servants, partners, employees and/or associates, were careless and negligent and departed from the standards of good and accepted medical care and treatment and standards of care in their treatment of plaintiff, **ROBERT PITTMAN,** and the physicians and other personnel at **the Northport VA Medical Center**, including but not limited to Anthony Corcoran, M.D. and Felix Cheung, M.D., were negligent and careless in said care and treatment, and said care and treatment was not in accordance with good and accepted medical practices then and there existing.

20.     Defendant, **UNITED STATES OF AMERICA,** through its agents, servants, employees and/or associates was careless and negligent, and committed medical malpractice, in that its personnel failed to adequately and properly diagnose, care for, treat and manage **ROBERT PITTMAN,** in failing to properly perform pre-operative tesing and work-up; in failing to timely discontinue plaintiff's aspirin regimen prior to the prostatectomy of July 15, 2014 performed by Anthony Corcoran, M.D. and Felilx Cheung, M.D., failing to properly perform surgery; in causing infection; in causing an abscess; in failing to maintain sterility in the operating room and other areas; in failing to utilize sterile instruments; in failing to properly sterilize surgical instruments; in failing to render a timely and proper diagnosis of abscess and infection; in failing to properly and timely diagnose the true medical condition of plaintiff; in failing to properly and timely treat the true medical condition of plaintiff; in failing to take cognizance of the signs, symptoms and complaints which plaintiff was exhibiting; in negligently discharging the plaintiff; in failing to establish a differential diagnosis; in failing to establish a proper differential diagnosis; in failing to allow plaintiff the opportunity for proper treatment of

4

his condition; in misleading plaintiff as to the true nature of his medical condition; in failing to properly supervise and monitor plaintiff's condition; in failing to properly and timely perform x-rays, MRis, CT Scans and any other radiological studies; in failing to properly and timely recommend surgery for the care and treatment of the condition of plaintiff; in causing, allowing and permitting the plaintiff's condition to worsen and deteriorate, thereby necessitating further hospitalization and treatment; in failing to perform the necessary and proper diagnostic tests and procedures to determine the true condition of plaintiff; in causing, allowing and permitting plaintiff to sustain injuries due to improper procedures performed by the defendants; in causing, allowing and permitting the progression of plaintiff's illness; in failing to properly and timely refer the patient for evaluation and consultation; in failing to properly and timely obtain a second opinion concerning the care and treatment of plaintiff's condition; in failing to obtain proper and timely consultation with qualified experts regarding the proper and indicated modalities for the management of the plaintiff's condition; in failing to make the proper recommendations to the plaintiff; in failing to properly and timely perform, recommend or order biopsy as part of the evaluation of the plaintiff; in failing to properly and timely perform examinations of the plaintiff; in failing to order, conduct and repeat necessary pathology exams; in causing, allowing and permitting complications to arise as a result of the defendants' failure to properly and timely diagnose plaintiff's medical condition; in failing to take a proper and complete history of the plaintiff; in causing, allowing and permitting plaintiff to sustain injuries due to the failure to properly and timely furnish the necessary care and treatment for the plaintiff's true medical condition; in making an incorrect, incomplete, erroneous and inaccurate diagnosis of the plaintiff's condition; in failing to hire, train, administer, direct, supervise, oversee or otherwise employ those persons or personnel possessing the requisite learning, skill, lmowledge and judgment ordinarily exercised and possessed by reasonably skillful and competent medical practitioners or facilities in the community generally; in failing to provide adequate facilities for the care and eatment of its patients, including the plaintiff herein; in failing to exercise reasonable

care in providing medical care and treatment to plaintiff; in failing to use best medical judgment while performing medical services and furnishing medical care to plaintiff; in failing to properly, timely and/or adequately attend to and care for plaintiff; in failing to perform, render and/or provide proper, timely and adequate medical examinations, care, treatments, services, procedures or advice to plaintiff; in otherwise failing to render medical services, treatment and care with a reasonable degree of medical knowledge and ability; and in otherwise being careless and negligent under the circumstances. In addition, plaintiff claims the doctrine of res ipsa loquitur applies herein.

21.   The plaintiff was allowed, caused and permitted to suffer severe and significant and irreparable injury and damage all of which was avoidable by the exercise of due and reasonable care on the part of the defendant herein without the plaintiff being contributorily negligent thereto.

22.   The above medical care, diagnosis, treatment and services rendered to Plaintiff **ROBERT PITTMAN** were rendered negligently, carelessly, unskillfully, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

23.   By reason of the above, plaintiff, **ROBERT PITTMAN,** was caused to suffer severe and irreparable personal injuries and damages, such as abscess, infection, peri-prostatic abscess, painful urination; urinary retention; perineal pain, increased urinary frequency;  need for surgery; need for foley catheter; pelvic abscess; pus; phlegmonous mass; urinary tract infection; need for lipoma surgery; renal failure; difficulty voiding; incontinence; muscle atrophy; numbness; weakness; nausea and vomiting; fatigue; conscious pain and suffering; loss of enjoyment and quality of life; loss of the ability to earn a living; loss of earnings; economic loss; severe physical and emotional pain and suffering, great pain, conscious pain and suffering, agony, injury, suffering, disability, and hospitalization with surgery, as well as mental anguish and emotional distress, and has been caused to incur great medical expenses for further care and treatment, vocational as well as other therapies, future hospitalizations as well as other care,  and has otherwise been caused to be damaged thereby, all of which were otherwise avoidable by the

exercise of due and reasonable care.

24.     By reason of the above premises, plaintiff, **ROBERT PITTMAN**, was caused to suffer severe and irreparable personal injuries and damages, which were otherwise avoidable by the exercise of due and reasonable care, and as such, plaintiff, **ROBERT PITTMAN,** specifically sets forth a substantial cause of action for damages in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION**

25.     The plaintiff repeats, reiterates and realleges each and every allegation set forth in the First Cause of Action as if set forth in full herein.

26.     That at no time was the plaintiff ever advised, either orally or in writing, of the possible risks and dangers nor the possibility of permanent damage to the plaintiff with regard to the care being rendered to the plaintiff, nor was she ever advised that the she may suffer severe or personal injuries and damages, and had the defendant or any of its agents, servants, employees and/or associates informed or advised the plaintiff of the possible risks involved, the plaintiff would not have been lulled into a false sense of security and would never have consented to the treatment rendered to the plaintiff, all of which resulted in damage to the plaintiff herein.

27.     That as a result of the foregoing, the plaintiff has been damaged in the amount and manner aforesaid in a substantial sum of money to be determined by a Court and jury in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

28.     That by reason of the above premises, the medical care and treatment rendered and afforded to the plaintiff, **ROBERT PITTMAN**, was without first obtaining an informed consent, and, as such, the plaintiff has been damaged, and set forth a substantial cause of action in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00).

WHEREFORE, the plaintiff, **ROBERT PITTMAN**, demands judgment of the defendant, **UNITED STATES OF AMERICA**, in the total amount of Five Million Dollars ($5,000,000.00).

Dated:     Garden City, New York
           December 14, 2017

Yours, etc.

JOSEPH C. MUZIO (JCM 7321)
DELL & DEAN, PLLC
Attorneys for Plaintiff
ROBERT PITTMAN
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 880-9700

8

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                                ) ss.:
COUNTY OF NASSAU   )

        JOSEPH C. MUZIO, an attorney admitted to practice in the Courts of New York State, states that:

        1.      I am an associate of DELL & DEAN, PLLC the attorneys for the plaintiff in the within action;

        2.      I have read the foregoing COMPLAINT and know its contents to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true;

        3.      The reason I make this verification instead of the plaintiff is that plaintiff does not reside within in the county in which your affirmant's office is located;

        4.      The sources for my information and the grounds for my belief are based upon my conversations with the plaintiffs, correspondence, investigation, statements and information in affirmant's office.

        I affirm that the foregoing statements are true under the penalties of perjury.

Dated: Garden City, New York
       December 14, 2017

                                       JOSEPH C. MUZIO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT PITTMAN,

                Plaintiff,

    -against-

UNITED STATES OF AMERICA,

                Defendant.

------------------------------------------------------------------------X

                                           CERTIFICATE PURSUANT TO

                                           CPLR 3012 (a)

        JOSEPH C. MUZIO, an attorney duly admitted to practice law before the courts of this State, and an Associate of **DELL & DEAN, PLLC**, attorneys for Plaintiff(s), affirm(s) the following to be true under penalties of perjury:

        I certify that I have reviewed the facts of this case and have consulted with a physician licensed to practice in this State who I reasonably believe is knowledgeable in the relevant issues involved in this action, and that I have concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

Dated:          Garden City, New York
                 December 14, 2017

                                                JOSEPH C. MUZIO

10

# EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Office of Chief Counsel (02) Department of Veterans Affairs 120 Le Brun Road Buffalo, NY 14215 | Robert Pittman 1436 Lombardy Blvd Bay Shore, New York 11706 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 11/18/1946 | Divorced | 07/14/2014 | N/A |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Defendant's were negligent, careless and reckless and committed medical malpractice by failing to perform a proper pre-operative work up; by failing to properly discontinue claimants aspirin regiment prior to surgery for a prostatectomy; Defendant's were otherwise negligent careless and reckless in their care, treatment, diagnosis and evaluation of the claimant prior to, during and post operatively.

RECEIVED

JUL 14 2016

VA OFFICE OF REGIONAL COUNSEL
Buffalo, New York

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

peri-prostatic abscess resulting in painful urination, urinary retention, perineal pain, increased urinary frequency. Need for picc line, antibiotics, anti-fungals, CT-guided drainage was performed and the aspirated fluid grew Enterococcus and E.coli; infection, excessive bleeding, fevers, elevated white cell count, nausea, vomiting, fevers, , incontinence, sexual erectile dysfunction, and colonization of claimants bladder; need for further hospitalizations and rehab stay, conscious pain & suffering.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| N/A | N/A |

**12.** (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | 2,500,000,000 | | 2,500,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 631-894-2368 | 7/13/16 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

# EXHIBIT B



**U.S. Department of Veterans Affairs**
Office of General Counsel
Office of Chief Counsel - North Atlantic District North

800 Poly Place
Building 14
Brooklyn, New York 11209
www.va.gov/ogc

In Reply Refer To: 630A4/02-4J

Certified RRR

June 15, 2017

Dell & Dean, PLLC
Attorneys at Law 1225 Franklin Avenue
Suite 450
Garden City, NY 11530

RE: Administrative Tort Claim of Mr. Robert Pittman

Dear Counselors:

This letter is in reference to the Standard Form 95, Claim for Damage, Injury, or Death you filed on behalf of your client on July 14, 2016 in the amount of $2,500,000. The claim alleges, among other things, that medical personnel at the Department of Veterans Affairs (VA) Northport VAMC failed to render proper care on July 14, 2014.

An investigation into this claim was performed. At the conclusion of our investigation this office reached out to your office by telephone to discuss settlement. Our initial calls in late February attempting to negotiate were unanswered. On March 2, 2017 a verbal offer was made to a member of your paralegal staff and our office was advised that we would be contacted with a response. No response was received. On March 31, 2017 our office followed up the verbal offer with a written settlement offer. No response was received. Finally, on May 15, 2017 this office sent a final notice extending an offer to settle this matter and indicated therein that if we did not receive a response by June 2, 2017, we would be forced to deny this claim as not amenable. No response was received.

Accordingly, we deny your claim.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim by any of the following means:

(1)     by mail to Office of General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420;
(2) by fax to 202-273-6385; or
(3) by e-mail to OGC.torts@mail.va.gov.

To be timely filed, VA must receive this request prior to the expiration of 6 months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and State laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

If you have any questions related to this decision, you can contact Kathleen Merkl, Staff Attorney, at 718-630-2908.

Sincerely,

JOSEPH G. MORENO
Chief Counsel